```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION


Carlton Davis,                    :

          Plaintiff,              :   Case No. 2:15-cv-2739

   v.                             :   CHIEF JUDGE EDMUND A. SARGUS
                                      Magistrate Judge Kemp
Gary Mohr, et al.,                :

          Defendants.             :
```

### REPORT AND RECOMMENDATION

Plaintiff Carlton Davis, an inmate at the Pickaway Correctional Institution, filed this action under 42 U.S.C. §1983 alleging violations of his Eighth Amendment rights as a result of the conduct of defendants Gary Mohr, Dr. Eddy, Dr. Hale, Missy Rousch, Heather Hagan and Members of the Collegiate Review Board (named as a defendant but never served). Mr. Davis has filed two motions for preliminary injunctive relief to require the defendants to accommodate certain of his medical requests and cease retaliatory actions towards him. Certain defendants have moved to dismiss the complaint and motion for injunctive relief. For the following reasons, the Court will recommend that the motions for preliminary injunction (Doc. 9 and 14) and motions to dismiss (Doc. 11 and 15) be denied.

### I. Factual Background

Mr. Davis contends that in 2013, as an inmate at the Pickaway Correctional Institution, he was diagnosed with a 75% blockage of his heart while being seen for emergency medical treatment at the OSU Wexner Medical Center. He alleges that the providers at OSU who oversaw this treatment informed prison officials that he required treatment by a heart specialist, but

no specific time frame within which the treatment must be completed is set out in the complaint.  Plaintiff claims that he is at serious risk of substantial harm because more than two years have passed since the recommendation and he has not received the specialist treatment, despite the seriousness of his condition and his family health history.  Mr. Davis also has a knee condition, details of which are not set out in the pleadings, other than the condition causes him much pain and apparently requires an operation to repair.  He states that he was told by doctors attending to his knee that due to his heart blockage they did not believe it was advisable to put him under general anesthesia for the knee surgery until his heart blockage was significantly lowered.  Mr. Davis was advised that a surgery to repair the blockage would be appropriate once the blockage reached 80%.  He alleges that due to the lack of adequate and timely medical treatment he has suffered needless infliction of ongoing pain and suffering since 2013, that the delay in repairing his knee is likely to lead to a permanent partial or total disability.

     Mr. Davis has now filed motions for injunctive relief stating that at least some of the defendants have retaliated against him upon learning of his filing of this action.  He says that despite a clean prison conduct record, defendants have subjected him to numerous multiple daily shakedowns, unnecessary strip searches, time in segregation, and further delay to his medical treatment.  He also claims that the defendants have willfully refused to provide him to access to adequate pain relief for his severe ongoing pain and permitted the unacceptable delay of his heart and knee treatment, causing him risk of severe bodily harm.

## II. Motion for Preliminary Injunction

The legal test for issuing a preliminary injunction involves balancing four factors- whether the plaintiff will suffer irreparable injury if relief is not granted, whether the plaintiff has shown a strong or substantial likelihood of success on the merits, and how the grant or denial of relief would affect both public and private interests. See, e.g., Workman v. Bredesen, 486 F.3d 896, 905 (6th Cir. 2007) (describing the factors as "(1) whether the claimant has demonstrated a strong likelihood of success on the merits, (2) whether the claimant will suffer irreparable injury in the absence of a stay, (3) whether granting the stay will cause substantial harm to others, and (4) whether the public interest is best served by granting the stay").

"No single factor will be determinative as to the appropriateness of equitable relief ...." Six Clinics Holding Corp., II v. Cafcomp Systems, Inc., 119 F.3d 393, 400 (6th Cir. 1997), citing In re DeLorean Motor Co., 755 F.2d 1223, 1229 (6th Cir. 1985). Rather, these factors are to be balanced, and "[a] finding that the movant has not established a strong probability of success on the merits will not preclude a court from exercising its discretion to issue a preliminary injunction if the movant has, at a minimum, 'show[n] serious questions going to the merits and irreparable harm which decidedly outweighs any potential harm to the defendant if the injunction is issued.' " Gaston Drugs, Inc. v. Metropolitan Life Ins. Co., 823 F.2d 984, 988 n. 2 (6th Cir. 1987) (quoting Friendship Materials, Inc. v. Michigan Brick, Inc., 679 F.2d 100, 105 (6th Cir.1982)); see also Frisch's Restaurants v. Elby's Big Boy, 670 F.2d 642, 651 (6th Cir. 1982). Nevertheless, "irreparable injury is generally

required to warrant injunctive relief," Kendall Holdings, Ltd. v. Eden Cryogenics LLC, 630 F.Supp.2d 853, 866 (S.D. Ohio 2008), so that if the injury which the plaintiff seeks to prevent is compensable by a monetary damages award, there is usually no basis upon which to grant any type of injunction, no matter how strong a showing of likelihood of success on the merits is made. Moreover, it is well established precedent that courts ought to afford appropriate deference to prison officials in the day-to-day management of institutions. Thomas v. Woolum, 337 F.3d 720 (6th Cir. 2002).

Mr. Davis' first motion for preliminary injunction seeks relief from the defendants' alleged retaliatory treatment in response to his legal action. He later filed an additional motion for a preliminary injunction and supplemental materials, asking that defendants be ordered to facilitate needed medical care, off-site treatment, provide adequate pain management and to cease their retaliatory behavior. A prisoner's claim that prison officials retaliated against him is grounded in the First Amendment. Thaddeus-X v. Blatter, 175 F.3d 378, 388 (6th Cir. 1999). A retaliation claim has three elements: (I) the prisoner engaged in protected conduct; (ii) an adverse action was taken against the prisoner that "would deter a [prisoner] of ordinary firmness from continuing to engage in that conduct;" and (iii) a causal connection exists between the first two elements, i.e. the person being accused performed the adverse actions intentionally due to the prisoner's engagement in protected conduct. Thomas v. Eby, 481 F.3d 434.440 (6th Cir. 2007).

In this instance Mr. Davis is engaging in the protected conduct of filing a lawsuit against prison officials for alleged constitutional violations. For the purposes of this analysis the

-4-

Court will accept that Mr. Davis did suffer the adverse actions of numerous shakedowns, strip searches, insufficient pain relief and medical treatment, and transfer to segregation for an unspecified period of time.  However, he does not provide facts that would suggest that the adverse conduct was a result of the defendants' retaliation against him for filing a lawsuit.  Mr. Davis does not list any individually named defendants as having personally performed or directed these acts.  The mere fact that Mr. Davis was subjected to adverse conduct following his exercise of protected conduct is insufficient to establish a causal link.  For these reasons the allegations as submitted are insufficient to establish a strong likelihood of success on the merits.

With respect to Mr. Davis' request that the defendants be ordered to arrange his requested medical care, the Court is guided in its analysis by Rhinehart v. Scutt, 509 Fed.Appx. 510 (6th Cir. 2013).  The plaintiff in that case sued prison officials and prison physicians, alleging a violation of his Eighth Amendment rights by permitting and/or causing a lengthy delay in his access to specialist treatment for a serious liver condition.  He sought an injunction which would order prison officials to have him seen by a liver specialist, which the district court denied.  Prior to adjudication of the proceedings, the inmate had a serious health emergency in relation to his liver condition that then required him to be seen by a liver specialist.  The appellate court upheld the district court's denial of the motion because (I) the plaintiff was not able to show likely success on the merits as he had not alleged more than a difference of opinion with respect to his treatment and that there was no evidence presented that his pain was caused deliberately by prison officials or their neglect; (ii) it was

not clear error to make a factual determination that waiting for an adjudication on the merits of the case would not irreparably harm him; (iii) the balance of equities weighed against a preliminary injunction; and (iv) the public interest in leaving the administration of state prisons to state prison administrators weighed against preliminary injunctive relief.

Like the plaintiff in Rhinehart, Mr. Davis is not able to show likely success on the merits. He has submitted insufficient evidence to show that he would suffer irreparable harm without injunctive relief or that his pain was deliberately caused by defendants. Mr. Davis acknowledges in his supplemental filing of November 30, 2015, that he is now receiving at least some of the medical care he has been seeking, so it may well be that at least some of his issues raised in the motion have been resolved. Moreover, the balance of equities and the public interest in courts intervening in the day-to-day operation of prisons weighs against granting injunctive relief in this case.

For the foregoing reasons, Mr. Davis' motions for preliminary injunction should be denied.

### III. Motion to Dismiss

Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss a complaint which fails to state a claim upon which relief may be granted. In applying this standard, a court must presume all factual allegations in the complaint to be true, drawing all reasonable inferences in favor of the non-moving party. To establish a prima facie claim under §1983, a plaintiff must satisfy two elements: (1) that defendants acted under color of state law, and (2) that defendants deprived plaintiff of a federal statutory or constitutional right.

Defendants' two motions at issue, while titled "motion to

-6-

dismiss," are actually responses to the motion for preliminary injunctive relief.  They do not apply the 12(b)(6) criteria or analyze the complaint under applicable law.  The Court will not make a determination of the sufficiency of the complaint based on these filings.

Defendants do raise an argument in one of their reply briefs that the complaint should be dismissed because it was filed outside the two-year statute of limitations applicable to claims under §1983.  A statute of limitations begins to run when the plaintiff knows or has reason to know of the injury that is the basis of the action.  Kelly v. Burks, 415 F.3d 558, 561 (6th Cir. 2005).  Defendants argue that the statute of limitations in this case began to run on or about May 13, 2013, the date the heart blockage was diagnosed and Mr. Davis was made aware of the need for specialist treatment.  It is worth noting that the complaint alleges that medical treatment was unconstitutionally delayed, a claim which may not have accrued at the time of initial diagnosis.  Defendants do not address this issue.  Further, it is improper to raise arguments for the first time in a reply memorandum, thereby depriving the opposing party of an opportunity to respond.  For these reasons, the Court also declines to recommend dismissal of the case on the basis of the expiration of the statute of limitations.

## IV. Recommendation

For the reasons stated above, the Court recommends that the two motions for preliminary injunction (Docs. 9 and 14) be denied (although the Court should grant Mr. Davis' two motions, Docs. 16 and 17, to supplement those motions), and that Defendants' motions to dismiss (Docs. 11 and 15) be denied.  Within fourteen days of any order adopting this Report and Recommendation,

Defendants should either file an answer or a properly-supported motion to dismiss.

## V. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge