IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CARLTON DAVIS,

    Plaintiff,

v.

GARY MOHR, *et al.*,

    Defendants.

Case No. 2:15-cv-2739
Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Plaintiff, Carlton Davis, who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983, alleging that Defendants, Gary Mohr, Dr. Eddy, Dr. Hale, Missy Rousch, Heather Hagan, and John Gardner, were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. This matter is before the United States Magistrate Judge for a Report and Recommendation on Defendants' Motion for Summary Judgment. (ECF No. 33.) For the reasons set forth below, it is **RECOMMENDED** that Defendants' Motion for Summary Judgment be **GRANTED.**

### I.

According to Plaintiff's Complaint, in 2013, while an inmate at Pickaway Correctional Institution ("PCI"), he was diagnosed with 75% blockage of his heart during an emergency medical visit at OSU Wexner Medical Center. He alleged that despite recommendations that he

"receive specialist medical treatment," he did not see a specialist or undergo necessary heart procedures. (Compl. 1-2, ECF No. 1-1.) He more specifically complains that he had "not been afforded any heart surgery." (*Id*. at 2.) He further alleged that his knee surgery was postponed as a consequence of the delay in obtaining heart procedures. He says that as a result, he will have permanent partial or total disability. He also alleged that Defendants failed to adequately treat his pain. Plaintiff filed this action in August 2015, seeking monetary damages.

Defendants filed the subject Motion for Summary Judgment on March 30, 2017. (ECF No. 33.) In their Motion, Defendants assert that the record evidence establishes that, as a matter of law, they were not deliberately indifferent to Plaintiff's medical needs. In support of this assertion, they highlight numerous medical records reflecting that Plaintiff was treated by doctors for his heart condition. Defendants also note that these physicians recommended continued medical therapy rather than heart surgery. Defendants also point to records showing that Plaintiff received treatment for his 2013 knee injury and that he had knee surgery on June 9, 2016. Defendants alternatively posit that they are entitled to summary judgment on qualified immunity grounds.

On May 16, 2017, after Plaintiff failed to timely respond by almost a month, the Court issued an Order notifying him that he had failed to timely respond and ordering him to "file an opposing memorandum, if any, within fourteen days of the date of this order" and further advising him that "[f]ailure to do so may result in the motion being treated as unopposed, or in dismissal of this action for failure to prosecute." (May 16, 2017 Order, ECF No. 34.) To date, Plaintiff has failed to file a response to Defendants' Motion for Summary Judgment.

## II.

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the Court may "consider the fact undisputed for purposes of the motion"). The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citation omitted). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, . . . there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322–23).

**III.**

As a preliminary matter, the undersigned finds that Plaintiff's failure to respond to Defendants' Motion for Summary Judgment amounts to an abandonment of his claims against them. *See Clark v. City of Dublin*, 178 F. App'x 522, 524–25 (6th Cir. 2006) (affirming trial court's finding that a party's failure to properly respond to the arguments raised in a motion for summary judgment constituted an abandonment of those claims); *Hicks v. Concorde Career Coll.*, 449 F. App'x 484, 487 (6th Cir. 2011) ("The district court properly declined to consider the merits of this claim because [the plaintiff] failed to address it in either his response to the summary judgment motion or his response to [the defendant's] reply brief); *Conner v. Hardee's Food Sys.*, 65 F. App'x 19, 24–25 (6th Cir. 2003) (finding that the plaintiff's failure to brief issues relating to one of its claims in the district court amounted to an abandonment of that claim).

The undersigned further finds that Defendants have submitted evidence establishing that no material issues of fact exists such that they are entitled to summary judgment.

It is well established that "[t]he Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010) (internal quotations omitted). A claim for deliberate indifference "has both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). The United States Court of Appeals for the Sixth Circuit has explained:

> The objective component mandates a sufficiently serious medical need. [*Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004).] The subjective component regards prison officials' state of mind. *Id*. Deliberate indifference "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 895–96 (internal quotation marks and citations omitted). The prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 896 (internal quotation marks and citation omitted).

*Barnett*, 414 F. App'x at 787–88; *see also Jones*, 625 F.3d at 941 ("[T]he prison official must have acted with a state of mind similar to recklessness. Thus, to prove the required level of culpability, a plaintiff must show that the official: (1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." (citations omitted)).

> The Sixth Circuit has also noted that in the context of deliberate indifference claims:
>
> "[W]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where a prisoner alleges only that the medical care he received was inadequate, "federal courts are generally reluctant to second guess medical judgments." *Id*. However, it is possible for medical treatment to be "so woefully inadequate as to amount to no treatment at all." *Id*.

Alspaugh, 643 F.3d at 169. See also *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) ("If the plaintiff's claim, however, is based on the prison's failure to treat a condition adequately . . . the plaintiff must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." (internal quotation marks and citation omitted)). Moreover, "when a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Id*. at 591. (quotation marks and citation omitted).

Here, in contrast to the allegations in Plaintiff's Complaint, Defendants have offered evidence demonstrating that Plaintiff received substantial treatment for his heart issues, including repeated EKGs, repeated stress tests, a heart catheterization, a pharmacologic stress myocardial perfusion scan, chest x-rays, bloodwork, and numerous cardiology appointments and consultations. As Defendants point out, Plaintiff's medical records also reflect that he was treated for his knee injury and that the delay in surgery was attributable to his physicians recommending that he first be cleared by his cardiologists.

In view of the medical treatment that Plaintiff received, the undersigned cannot conclude that his treatment was so "woefully inadequate as to amount to no treatment at all," *Alspaugh*, 643 F.3d at 169 (quoting *Westlake*, 537 F.2d at 860 n.5). Nor can the undersigned conclude that Defendants were aware of a risk to Plaintiff's health that they consciously disregarded. Rather, the record establishes that Plaintiff received substantial treatment and that he was typically treated the same day he complained about his problems.

Plaintiff has failed to offer any evidence upon which a jury could rely to conclude that Defendants were deliberately indifferent to his medical needs. His opinion that he should have received different or additional treatment is not enough. *See, e.g.*, *Apanovitch v. Wilkinson*, 32 F. App'x 704, 707 (6th Cir. 2002) ("[A] difference of opinion between [an inmate] and [his] prison health care providers [or] a dispute over the adequacy of [his] treatment . . . does not amount to an Eighth Amendment claim." (citation omitted)).

In sum, Defendants have established that no genuine disputes as to any material facts remain for adjudication in this case and that they are entitled to judgment as a matter of law. It is therefore unnecessary to consider Defendants' alternative bases in favor of summary judgment.

# IV.

For the reasons set forth above, it is **RECOMMENDED** that the Court **GRANT** Defendants' Motion for Summary Judgment (ECF No. 33).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

 s/ *Chelsey M. Vascura*  
CHELSEY M. VASCURA  
UNITED STATES MAGISTRATE JUDGE

7